```
 1                   UNITED STATES DISTRICT COURT

 2              FOR THE SOUTHERN DISTRICT OF CALIFORNIA

 3

 4      UNITED STATES OF AMERICA,        .
                                         .
 5              PLAINTIFF,                . NO. 09-CR-4426
                                         .
 6              V.                        . FEBRUARY 25, 2011
                                         .
 7      GILBERT FLORES,                   . 12:54 P.M.
                                         .
 8              DEFENDANT.                . SAN DIEGO, CALIFORNIA
        . . . . . . . . . . . . . . .    .
 9

10


11
                    TRANSCRIPT OF JURY TRIAL, DAY 3
12              BEFORE THE HONORABLE ROGER T. BENITEZ
                     UNITED STATES DISTRICT JUDGE
13

14         APPEARANCES:

15
           FOR THE PLAINTIFF:     U.S. ATTORNEY'S OFFICE
16                                SOUTHERN DISTRICT OF CALIFORNIA
                                  BY:  MARK CONOVER, ESQ.
17                                BY:  SARAH BOOT, ESQ.
                                  880 FRONT STREET, ROOM 6293
18                                SAN DIEGO, CALIFORNIA   92101

19         FOR THE DEFENDANT:     FEDERAL DEFENDERS OF SAN DIEGO
                                  BY:  TIMOTHY GARRISON, ESQ.
20                                BY:  HANNI FAKHOURY, ESQ.
                                  225 BROADWAY, SUITE 900
21                                SAN DIEGO, CALIFORNIA   92101

22
           COURT REPORTER:        DEBORAH M. O'CONNELL, RPR, CSR
23                                880 FRONT STREET, ROOM 4290
                                  SAN DIEGO, CALIFORNIA, 92101
24

25    REPORTED BY STENOTYPE, TRANSCRIBED BY COMPUTER
```

<u>I N D E X</u>

<u>GENERAL INDEX</u>

```
                                                            PAGE
VERDICT                                                       3
```

```
 1              SAN DIEGO, CALIFORNIA, FEBRUARY 25, 2011, 12:54 P.M.
 2                                  * * * *
 3         THE COURT:  OKAY.  GOOD AFTERNOON.  THE RECORD SHOULD
 4  REFLECT WE'RE OUTSIDE THE PRESENCE OF THE JURY.  ALL COUNSEL
 5  ARE PRESENT.  MR. FLORES IS PRESENT.  I BELIEVE THAT WE HAVE A
 6  NOTE THAT SAYS, "WE DO HAVE A VERDICT.  WE ARE READY TO
 7  DELIVER."
 8      SO IS THERE ANYTHING WE NEED TO ADDRESS BEFORE I BRING THE
 9  JURY IN?
10         MR. GARRISON:  NO, YOUR HONOR.
11         MR. CONOVER:  NO, YOUR HONOR.
12         THE COURT:  OKAY.  IF YOU'D DO ME A FAVOR AND BRING
13  THE JURY IN, I'D APPRECIATE IT.
14                       (JURY ENTERS COURTROOM.)
15         THE COURT:  ALL RIGHT.  PLEASE BE SEATED.  WELCOME
16  BACK.  LADIES AND GENTLEMEN, I HAVE A NOTE FROM YOU THAT SAYS,
17  "WE DO HAVE A VERDICT.  WE ARE READY TO DELIVER."
18      DO YOU, IN FACT, HAVE A VERDICT?
19         THE FOREPERSON:  WE DO, YOUR HONOR.
20         THE COURT:  ALL RIGHT.  IF YOU'D PLEASE HAND THAT TO
21  MY BAILIFF, WHO WILL THEN DELIVER IT TO ME.
22      MR. FLORES, IF YOU WOULD PLEASE RISE, I'LL HAVE MY
23  COURTROOM DEPUTY READ THE VERDICT.
24                               VERDICT
25         THE CLERK:  UNITED STATES DISTRICT COURT, SOUTHERN
```

1  DISTRICT OF CALIFORNIA, UNITED STATES OF AMERICA, PLAINTIFF,

2  VS. GILBERT FLORES, DEFENDANT.  CASE NO. 09-CR-4426-BEN.

3      VERDICT:  AS TO COUNT 1 OF THE SUPERSEDING INDICTMENT, WE

4  THE JURY IN THE ABOVE-ENTITLED CAUSE FIND THE DEFENDANT,

5  GILBERT FLORES, GUILTY OF CONSPIRACY TO IMPORT METHAMPHETAMINE,

6  IN VIOLATION OF TITLE 21, UNITED STATES CODE, SECTIONS 952,

7  960, AND 963.

8      WE FURTHER FIND THAT THE AMOUNT OF METHAMPHETAMINE

9  INVOLVED IN THE OFFENSE WEIGHED 500 GRAMS OR MORE, ANSWER:

10 YES.

11     AS TO COUNT 2 OF THE SUPERSEDING INDICTMENT, WE THE JURY

12 IN THE ABOVE-ENTITLED CAUSE FIND THE DEFENDANT, GILBERT FLORES,

13 GUILTY OF IMPORTATION OF METHAMPHETAMINE, IN VIOLATION OF TITLE

14 21, UNITED STATES CODE, SECTIONS 952 AND 960.

15     WE FURTHER FIND THAT THE AMOUNT OF METHAMPHETAMINE

16 INVOLVED IN THE OFFENSE WEIGHED 500 GRAMS OR MORE.  ANSWER:

17 YES.

18     AS TO COUNT 3 OF THE SUPERSEDING INDICTMENT, WE THE JURY

19 IN THE ABOVE-ENTITLED CAUSE FIND THE DEFENDANT, GILBERT FLORES,

20 GUILTY OF CONSPIRACY TO POSSESS METHAMPHETAMINE WITH INTENT TO

21 DISTRIBUTE, IN VIOLATION OF TITLE 21, UNITED STATES CODE,

22 SECTIONS 841(A)(1) AND 846.  WE FURTHER FIND THAT THE AMOUNT OF

23 METHAMPHETAMINE INVOLVED IN THE OFFENSE WEIGHED 500 GRAMS OR

24 MORE.  ANSWER:  YES.

25     AS TO COUNT 4 OF THE SUPERSEDING INDICTMENT, WE THE JURY

1    IN THE ABOVE-ENTITLED CAUSE FIND THE DEFENDANT, GILBERT FLORES,
2    GUILTY OF POSSESSION OF METHAMPHETAMINE WITH INTENT TO
3    DISTRIBUTE, IN VIOLATION OF TITLE 21, UNITED STATES CODE,
4    SECTION 841(A)(1).  WE FURTHER FIND THAT THE AMOUNT OF
5    METHAMPHETAMINE INVOLVED IN THE OFFENSE WEIGHED 500 GRAMS OR
6    MORE.  ANSWER:  YES.
7         SIGNED, CARRIE BITSKO, DATED FEBRUARY 25TH, 2011,
8    SAN DIEGO, CALIFORNIA.
9         LADIES AND GENTLEMEN OF THE JURY, ARE THESE YOUR VERDICTS
10   AS PRESENTED AND READ AS TO THE DEFENDANT, GILBERT FLORES, SO
11   SAY YOU ALL.
12             JURORS:  YES.
13             THE COURT:  ALL RIGHT, COUNSEL, DO YOU WISH THE JURY
14   POLLED?
15             MR. GARRISON:  YES, YOUR HONOR.
16             THE COURT:  ALL RIGHT.
17             THE CLERK:  JUROR NO. 3, ARE THESE YOUR VERDICTS AS
18   PRESENTED AND READ?
19             JUROR NO. 3:  YES.
20             THE CLERK:  JUROR NO. 7, ARE THESE YOUR VERDICTS AS
21   PRESENTED AND READ?
22             JUROR NO. 7:  YES.
23             THE CLERK:  JUROR NO. 8, ARE THESE YOUR VERDICTS AS
24   PRESENTED AND READ?
25             JUROR NO. 8:  YES.

```
 1              THE CLERK:  JUROR NO. 9, ARE THESE YOUR VERDICTS AS
 2   PRESENTED AND READ?
 3              JUROR NO. 9:  YES.
 4              THE CLERK:  JUROR NO. 10, ARE THESE YOUR VERDICTS AS
 5   PRESENTED AND READ?
 6              JUROR NO. 10:  YES.
 7              THE CLERK:  JUROR NO. 13, ARE THESE YOUR VERDICTS AS
 8   PRESENTED AND READ?
 9              JUROR NO. 13:  YES.
10              THE CLERK:  JUROR NO. 16, ARE THESE YOUR VERDICTS AS
11   PRESENTED AND READ?
12              JUROR NO. 16:  YES.
13              THE CLERK:  JUROR NO. 17, ARE THESE YOUR VERDICTS AS
14   PRESENTED AND READ?
15              JUROR NO. 17:  YES.
16              THE CLERK:  JUROR NO. 19, ARE THESE YOUR VERDICTS AS
17   PRESENTED AND READ?
18              JUROR NO. 19:  YES.
19              THE CLERK:  JUROR NO. 24, ARE THESE YOUR VERDICTS AS
20   PRESENTED AND READ?
21              JUROR NO. 24:  YES.
22              THE CLERK:  JUROR NO. 26, ARE THESE YOUR VERDICTS AS
23   PRESENTED AND READ?
24              JUROR NO. 26:  YES.
25              THE CLERK:  JUROR NO. 31, ARE THESE YOUR VERDICTS AS
```

```
 1   PRESENTED AND READ?
 2             JUROR NO. 31:  YES.
 3             THE CLERK:  YOUR HONOR, THE JURY HAS BEEN POLLED.
 4             THE COURT:  ARE YOU SATISFIED, COUNSEL?
 5             MR. GARRISON:  YES, YOUR HONOR.
 6             THE COURT:  PLEASE BE SEATED.
 7        WELL, LADIES AND GENTLEMEN, LET ME, AT THIS POINT IN TIME,
 8   THANK YOU FOR YOUR SERVICE.  I KNOW IT IS NEVER EASY TO STAND
 9   IN JUDGMENT OF SOMEONE ELSE.  BUT YOUR SERVICE DEFINITELY HAS
10   BEEN NEEDED.  AND I THANK YOU FOR HAVING PERFORMED YOUR DUTY AS
11   YOU WERE SWORN TO DO.  WE APPRECIATE YOU TAKING YOUR TIME FROM
12   YOUR BUSY SCHEDULES.
13        FOR THOSE OF YOU WHO HAVE NEVER SERVED ON A JURY
14   PREVIOUSLY, I HOPE IT WAS EDUCATIONAL.  I HOPE IT WAS NOT
15   UNPLEASANT, AND I HOPE THAT, PERHAPS, IT GAVE YOU A SLIGHTLY,
16   OR, PERHAPS, A SIGNIFICANT INSIGHT INTO HOW OUR SYSTEM WORKS.
17         SO I PREVIOUSLY HAD GIVEN YOU AN ADMONITION.  THE
18   ADMONITION WAS, YOU WERE NOT TO DISCUSS THE CASE AMONG
19   YOURSELVES, ETC.  I'M NOW GOING TO RELIEVE YOU OF THAT
20   ADMONITION.  YOU ARE NOW FREE TO DISCUSS THE CASE AMONG
21   YOURSELVES OR WITH ANYONE.  YOU HAVE ABSOLUTELY NO OBLIGATION
22   TO DO SO.
23         AND I WOULD CAUTION YOU THAT YOU SHOULD NOT DISCUSS
24   ANYTHING THAT HAPPENED IN THE JURY DELIBERATION ROOM WITH
25   ANYONE.  THAT IS A MATTER THAT IS TO REMAIN CONFIDENTIAL AMONG
```

1   YOU.  AND I THINK EACH OF YOU EXPECTED THAT WHEN YOU WENT IN
2   THERE, THAT WHATEVER WAS SAID IN THERE WOULD REMAIN
3   CONFIDENTIAL.  AND I PREVIOUSLY TOLD YOU THAT, YOU KNOW, IT
4   SHOULD BE THAT WAY.
5        YOU ARE, HOWEVER, AT LIBERTY TO DISCUSS, YOU KNOW, IN
6   GENERAL, IN GENERAL TERMS, FOR EXAMPLE, WITH YOUR SPOUSE, YOU
7   CAN TELL YOUR SPOUSE WHAT THE CASE WAS ABOUT, LET'S SAY.  YOU
8   CAN DISCUSS WITH THE ATTORNEYS THEIR STYLE, FOR EXAMPLE.  YOU
9   COULD DISCUSS, YOU KNOW, IF THERE WAS SOMETHING THAT YOU FOUND
10  TO BE UNPERSUASIVE ABOUT THE TESTIMONY, ETC., BUT DO NOT
11  DISCUSS ANYTHING THAT WENT ON INSIDE THE JURY DELIBERATION
12  ROOM.
13       AND ALSO, I WOULD CAUTION YOU THIS:  PLEASE BE PREPARED
14  TO -- MAKE SURE THAT WHATEVER IT IS YOU DO SAY IS ABSOLUTELY
15  ACCURATE.  BECAUSE IT COULD COME TO PASS YOU MIGHT AT SOME
16  POINT IN TIME WIND UP BECOMING A WITNESS, AND HAVING TO TESTIFY
17  UNDER OATH THAT, NO. 1, THAT'S WHAT YOU SAID, AND NO. 2, THAT
18  WHATEVER YOU SAID WAS TRUE.  SO YOU NEED TO BE VERY, VERY
19  CAREFUL.
20       NOW LAWYERS INVOLVED IN THIS CASE, WHICH I WANT TO THANK
21  AT THIS POINT IN TIME, ARE GOOD LAWYERS.  THEY'RE PROFESSIONAL
22  LAWYERS.  I DON'T THINK THERE IS GOING TO BE ANY PROBLEMS,
23  WHATSOEVER, WITH THEM TRYING TO GET YOU TO TALK ABOUT SOMETHING
24  YOU SHOULDN'T BE TALKING ABOUT.  NOR ARE THEY LIKELY TO PESTER
25  YOU IF YOU DECIDE YOU DON'T WANT TO TALK ABOUT IT.  AND IF I

1   DIDN'T SAY THIS ALREADY, YOU DO HAVE EVERY RIGHT TO NOT TALK TO
2   ANYONE, OR TO TALK TO SOMEONE ABOUT THE CASE.  YOU CAN BE
3   SELECTIVE ABOUT WHO YOU WILL TALK TO ABOUT THE CASE.  I DON'T
4   THINK IT'S GOING TO BE A PROBLEM.  BUT IF IT SHOULD BECOME A
5   PROBLEM, THAT SOMEONE APPROACHES YOU AND WANTS TO TALK TO YOU
6   AND YOU DON'T WANT TO TALK TO THEM, ALL YOU HAVE TO DO IS SAY,
7   I'M SORRY, I'D RATHER NOT TALK ABOUT IT, OR I'D RATHER NOT TALK
8   TO YOU ABOUT IT.
9       IF IT WERE TO BE THAT THEY WERE TO CONTINUE TO PESTER YOU
10  OR TO IGNORE YOUR REQUESTS, PLEASE DROP ME A NOTE, LET ME KNOW
11  WHAT HAPPENED, WHO IT WAS, WHAT THEY WERE DOING, AND WHAT YOU
12  SAID TO THEM, AND I WILL TAKE IT UP WITH WHOEVER AND TRY TO
13  MAKE SURE THAT THAT STOPS NOT ONLY NOW BUT IN THE FUTURE AS
14  WELL.
15      AGAIN, I DON'T THINK IT'S GOING TO BE A PROBLEM.  I KNOW
16  THESE LAWYERS QUITE WELL.  THEY'RE GOOD LAWYERS.  THERE IS NO
17  REASON FOR ME TO EXPECT THAT THAT WILL HAPPEN IN THIS CASE.
18  BUT I DO HAVE TO GIVE YOU THAT WARNING, SO THAT YOU KNOW AND SO
19  IF IT SHOULD HAPPEN, YOU KNOW HOW TO DEAL WITH IT.
20      NOW I WISH THAT I COULD TELL YOU THAT YOU'RE NOW FINISHED
21  WITH YOUR JURY DUTY, BUT I CAN'T DO THAT.  SO WHAT I'M GOING TO
22  DO IS, AS SOON AS I RELEASE YOU IN A COUPLE MINUTES, YOU SHOULD
23  GO BACK TO THE JURY LOUNGE AND LET THE JURY COMMISSIONER KNOW
24  YOU'VE CONCLUDED THIS TRIAL.  IT MAY BE THEY ASSIGN YOU TO
25  ANOTHER TRIAL.  I DON'T KNOW.

1    NOW ON BEHALF OF THE ATTORNEYS, ON BEHALF OF MR. FLORES,
2  ON BEHALF OF MY STAFF, ON BEHALF OF THE CHIEF JUDGE OF THE
3  SOUTHERN DISTRICT OF CALIFORNIA, ON BEHALF OF THE UNITED
4  STATES, AND CERTAINLY ON MY BEHALF, I'D LIKE TO THANK YOU FOR
5  GIVING US YOUR TIME.
6    IF YOU'D PLEASE LEAVE YOUR NOTES EITHER IN THE JURY
7  DELIBERATION ROOM OR ON YOUR CHAIRS.  YOU ARE NOW FREE TO
8  LEAVE.  HAVE A VERY GOOD WEEKEND.  YOU TAKE CARE.
9                    (JURY EXITS COURTROOM.)
10          THE COURT:  ALL RIGHT.  THE RECORD SHOULD REFLECT
11 THAT THE JURY HAS NOW LEFT THE COURTROOM.  IT IS NOW TIME FOR
12 ME TO SET A SENTENCING DATE.  I'M GOING TO SET THE DATE OF
13 JUNE 6TH, AT 9:00 A.M., FOR SENTENCING, WITH PRE-SENTENCE
14 REPORT, AND ALSO FOR HEARING ANY POST-TRIAL MOTIONS.  LOCAL
15 RULES WITH REGARDS TO FILING LOCAL -- I'M SORRY, POST-TRIAL
16 MOTIONS AND RESPONSES THERETO WILL FOLLOW.
17    NOW IT'S MY UNDERSTANDING THAT, IF I'M NOT MISTAKEN, THIS
18 IS A CASE THAT CARRIES WITH IT A POSSIBLE LIFE SENTENCE; AM I
19 CORRECT IN THAT REGARD?
20          MR. CONOVER:  YOU ARE CORRECT, YOUR HONOR.
21          THE COURT:  ALL RIGHT.  IT IS MY UNDERSTANDING ALSO
22 THAT PURSUANT TO TITLE 18, 3142, I AM REQUIRED TO ORDER THAT
23 MR. FLORES BE TAKEN INTO CUSTODY UNLESS ONE OF THREE THINGS
24 OCCURS:  ONE OF WHICH IS THAT THE ATTORNEY FOR THE GOVERNMENT
25 RECOMMENDS THAT NO SENTENCE OF IMPRISONMENT BE IMPOSED; OR THAT

```
 1  THERE IS A LIKELIHOOD FOR MOTION FOR ACQUITTAL OR NEW TRIAL
 2  WILL BE GRANTED; OR THAT I FIND BY CLEAR AND CONVINCING
 3  EVIDENCE THAT MR. FLORES IS NOT LIKELY TO FLEE OR POSE A DANGER
 4  TO ANY OTHER PERSON OR THE COMMUNITY.
 5       SO IS THE GOVERNMENT -- FIRST OF ALL, DOES THE GOVERNMENT
 6  HAVE A RECOMMENDATION WITH REGARDS TO WHETHER OR NOT MR. FLORES
 7  SHOULD BE ALLOWED TO CONTINUE ON BAIL, WHETHER HIS BAIL SHOULD
 8  BE INCREASED, OR WHETHER HE SHOULD BE TAKEN INTO DETENTION?
 9           MR. CONOVER:  IT IS THE GOVERNMENT'S POSITION THAT HE
10  SHOULD BE REMANDED, AND WE WILL BE RECOMMENDING CUSTODIAL TIME.
11           THE COURT:  ALL RIGHT.
12           MR. GARRISON:  YOUR HONOR, IT IS MY REQUEST THAT
13  MR. FLORES BE ALLOWED TO REMAIN AT LIBERTY UNTIL THE SENTENCING
14  DATE.  BY WAY OF BACKGROUND, HE HAS BEEN ON PRETRIAL RELEASE
15  FOR THE PAST 15 MONTHS.  THERE HAS BEEN NO PROBLEMS,
16  WHATSOEVER.  HE'S MADE ALL OF HIS COURT APPEARANCES,
17  VOLUNTARILY COME TO COURT.  HE'S ON GPS MONITORING.  HE'S ALSO
18  -- THE BOND IN THIS CASE IS A REAL PROPERTY BOND, AND IT'S
19  SECURED BY HIS OWN RESIDENCE.  AND THAT'S THE RESIDENCE HIS
20  FAMILY LIVES IN.
21           THE COURT:  WHAT IS THE AMOUNT OF THE BOND; DO YOU
22  KNOW?
23           THE CLERK:  75,000, JUDGE.
24           THE COURT:  OKAY.
25           MR. GARRISON:  AND THAT'S PRETTY MUCH THE ONLY THING
```

1   THAT MR. FLORES REALLY HAS.  HE DOESN'T POSE ANY RISK OF FLIGHT
2   AT ALL.  MOREOVER, YOUR HONOR, HE HAS NO HISTORY OF PRIOR
3   CONVICTIONS, NO HISTORY OF VIOLENCE.  HE WOULD POSE NO DANGER
4   TO ANY PERSON.  HE'S 53 YEARS OLD.  HE'S BEEN -- HE'S HAD NO
5   PRIOR CONVICTIONS UP TO THIS POINT.  OBVIOUSLY, THIS IS A
6   SITUATION WHERE HE'S GOING TO NEED TO MAKE SOME ARRANGEMENTS
7   FOR THE CARE OF HIS FAMILY AND TO WRAP UP SOME MATTERS BEFORE
8   SENTENCING.  GIVEN THE RESTRICTIVE BOND CONDITIONS THAT HE'S
9   LIVED UNDER FOR 15 MONTHS ALREADY, AS WELL AS THE CONTINUATION
10  OF THOSE CONDITIONS, I THINK THAT WE'VE MET OUR BURDEN THAT BY
11  CLEAR AND CONVINCING EVIDENCE, HE DOES NOT POSE -- HE CERTAINLY
12  POSES NO DANGER.  I DON'T THINK ANYBODY WOULD CONTEND HE POSES
13  A DANGER.  AND HE DOESN'T POSE ANY RISK OF FLIGHT.
14       IF THERE WERE TO BE -- IF THE COURT WOULD FEEL MORE
15  COMFORTABLE, WE WOULD, OBVIOUSLY, HAVE HIM SURRENDER HIS
16  PASSPORT.  THAT WOULD NOT BE A PROBLEM, EITHER.
17            THE COURT:  ALL RIGHT.
18            MR. CONOVER:  YOUR HONOR, THE DEFENDANT IS NOW
19  FACING, ACCORDING TO THE GUIDELINE CALCULATIONS, OVER 20 YEARS
20  IN PRISON.  THE PRESUMPTION OF CLEAR AND CONVINCING EVIDENCE
21  HAS NOT BEEN MET.  THE DEFENDANT IS A REGULAR TRAVELER TO
22  MEXICO.  HE HAS SIGNIFICANT FINANCIAL RESOURCES.  A $75,000
23  PROPERTY BOND IS INSIGNIFICANT COMPARED TO THE DEFENDANT'S
24  FINANCIAL RESOURCES.
25       THERE IS NO REASON TO BELIEVE THAT HE WOULD COME BACK

1  VOLUNTARILY TO SPEND A SIGNIFICANT PORTION OF THE REMAINDER OF
2  HIS LIFE IN PRISON.  BEFORE, ON PRETRIAL RELEASE, THERE WAS NO
3  PRESUMPTION, GIVEN THAT HE DID NOT HAVE A CONVICTION, AND GIVEN
4  THAT HE WAS OPERATING UNDER A BELIEF THAT THERE WAS A GOOD
5  CHANCE HE WOULD BE SUCCESSFUL AT TRIAL, AVOIDING THE
6  CONSEQUENCES.  AT THIS POINT, THOSE ARE OVER, AND THE
7  GOVERNMENT STRONGLY BELIEVES THERE IS A HIGH RISK OF FLIGHT.
8           THE COURT:  ALL RIGHT.  WELL, I'VE FACED THIS ISSUE
9  BEFORE.  AND I AGREE WITH THE GOVERNMENT.  I THINK PRETRIAL,
10 THERE IS ALWAYS THE HOPE, THE ANTICIPATION, THAT, YOU KNOW, AN
11 ACQUITTAL IS GOING TO BE RETURNED, OR THAT, PERHAPS, YOU KNOW,
12 MAYBE SOME DEAL IS GOING TO BE WORKED OUT, OR SOMETHING ELSE
13 COULD HAPPEN, THE CASE COULD DISAPPEAR.  AND DEFENDANTS MAY NOT
14 BE AS INCLINED TO WANT TO FLEE BECAUSE THEN, OF COURSE, THAT
15 MAKES MATTERS WORSE FOR THEM.
16      HOWEVER, AS POINTED OUT BY THE GOVERNMENT, AND I BELIEVE
17 THIS TO BE TRUE, MR. FLORES IS FACING A SIGNIFICANT AMOUNT OF
18 TIME IN CUSTODY.  HE'S 53 YEARS OLD.  IF, IN FACT, HE WERE TO
19 BE SENTENCED TO 20 YEARS IN PRISON, THAT WOULD CONSTITUTE
20 ALMOST THE REST OF HIS LIFE, AT LEAST PRETTY CLOSE TO IT,
21 ANYWAY.  AND, OF COURSE, HE COULD BE SENTENCED -- AS I RECALL,
22 I THINK THE MAXIMUM SENTENCE I CAN IMPOSE IS LIFE.  I'M NOT
23 SAYING I WOULD DO THAT.  I'M SIMPLY SAYING THAT IS A POSSIBLE
24 PUNISHMENT THAT HE IS FACING.
25        AND BALANCING THE RISK OF HIS FLEEING, GIVEN HIS -- AS

14

```
1   GOVERNMENT COUNSEL POINTED OUT, AND GIVEN THE EVIDENCE THAT WAS
2   PRESENTED AT TRIAL, HIS ABILITY TO TRAVEL BACK AND FORTH INTO
3   MEXICO, HE COULD SURRENDER HIS PASSPORT, BUT WE ALL KNOW YOU
4   DON'T HAVE TO HAVE A PASSPORT TO ENTER INTO MEXICO.  YOU HAVE
5   TO HAVE A PASSPORT TO ENTER INTO THE UNITED STATES, BUT YOU
6   DON'T HAVE TO HAVE ONE TO ENTER INTO MEXICO.
7        YOU KNOW, I THINK THE RISK IS TOO GREAT.  SO, THEREFORE, I
8   DON'T THINK THAT I CAN MAKE A FINDING THAT BY CLEAR AND
9   CONVINCING EVIDENCE, HE HAS PROVED TO NOT BE A FLIGHT RISK;
10  THEREFORE, I'M GOING TO ORDER THAT MR. FLORES BE REMANDED INTO
11  CUSTODY AT THIS TIME, OKAY.
12       AGAIN, COUNSEL, I WANT TO THANK YOU FOR YOUR PRESENTATIONS
13  OF YOUR CASE.  I THINK YOU WERE ALL VERY PROFESSIONAL.  YOU
14  WERE VERY CIVIL.  I APPRECIATE THAT, AND SO I THANK YOU.
15       OKAY, MR. GARRISON, YOU'RE STANDING --
16           MR. GARRISON:  YES, SIR.  TWO ADDITIONAL MATTERS,
17  GIVEN THAT THE COURT IS REMANDING HIM, I MAKE A MOTION TO
18  EXONERATE THE BOND.
19           THE COURT:  YES.  IT WILL BE EXONERATED.
20           MR. GARRISON:  ADDITIONALLY, I WANTED TO REQUEST THAT
21  THE TIME FOR FILING POST-TRIAL MOTIONS BE EXTENDED.  SINCE
22  WE'RE GOING TO HEAR THEM ON THE SENTENCING DATE, IF WE CAN FILE
23  THEM 14 DAYS PRIOR TO SENTENCING?
24           THE COURT:  THAT'S FINE.
25       DOES THE GOVERNMENT HAVE ANY PROBLEMS WITH THAT?
```

```
 1            MR. CONOVER:  NO OBJECTION, YOUR HONOR.
 2            THE COURT:  OKAY.  THAT IS MY USUAL STANDARD
 3   PRACTICE, SO THAT IS FINE.
 4        YOUR REQUEST IS GRANTED, MR. GARRISON.
 5            MR. GARRISON:  THANK YOU, YOUR HONOR.
 6            THE COURT:  THANK YOU VERY MUCH.  EVERYBODY HAVE A
 7   VERY GOOD WEEKEND.
 8            MR. CONOVER:  THANK YOU VERY MUCH, YOUR HONOR.
 9            MS. BOOT:  THANK YOU, YOUR HONOR.
10                     (RECESS AT 1:13 P.M.)
11                           ---0O0---
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

```
 1                    C-E-R-T-I-F-I-C-A-T-I-O-N
 2          I HEREBY CERTIFY THAT I AM A DULY APPOINTED,
 3   QUALIFIED AND ACTING OFFICIAL COURT REPORTER FOR THE UNITED
 4   STATES DISTRICT COURT; THAT THE FOREGOING IS A TRUE AND CORRECT
 5   TRANSCRIPT OF THE PROCEEDINGS HAD IN THE AFOREMENTIONED CAUSE;
 6   THAT SAID TRANSCRIPT IS A TRUE AND CORRECT TRANSCRIPTION OF MY
 7   STENOGRAPHIC NOTES; AND THAT THE FORMAT USED HEREIN COMPLIES
 8   WITH THE RULES AND REQUIREMENTS OF THE UNITED STATES JUDICIAL
 9   CONFERENCE.
10              DATED:  JUNE 29, 2011, AT SAN DIEGO, CALIFORNIA
11
12                            _____
                              S/DEBORAH M. O'CONNELL, CSR #10563
13                            REGISTERED PROFESSIONAL REPORTER
```