UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>v.<br><br>GILBERT FLORES,<br><br>        Defendant. | Case No.: 09-cr-4426-BEN<br><br>**ORDER DENYING MOTIONS TO REDUCE SENTENCE**<br>**[Dkt. Nos. 107, 113 and 115]** |
|---|---|

  On October 3, 2011, this Court sentenced Defendant Gilbert Flores to 192 months imprisonment and 5 years of supervised release for importation of 9.63 kilograms (actual) of methamphetamine in violation of 21 U.S.C. §§ 841, 952, 960 and 963.

  Defendant now moves for a reduction in sentence under 18 U.S.C. § 3582(c), arguing that the coronavirus pandemic warrants a modification of his sentence. [Dkt. No. 115, filed April 25, 2020]. Title 18 U.S.C. § 3582(c) provides that a "court may not modify a term of imprisonment once it has been imposed except . . . upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant." A defendant may bring a § 3582(c) motion only after he or she has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons" to bring the motion on his behalf, or after "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

  Flores was recently moved to Federal Correctional Institution Mendota. *See* Motion for Compassionate Release, at 6. The present motion does not reflect that Defendant has petitioned the Bureau of Prisons or the warden of his current place of incarceration, Federal Correctional Institution Mendota, to bring a motion on his behalf.

The Court therefore lacks jurisdiction to entertain the motion. *See United States v. Reid*, 2020 WL 1904598, at *4 (N.D. Cal. 2020) ("The Court cannot forgive the failure to exhaust, and without exhaustion, the Court lacks jurisdiction over the motion."). Flores did submit a request to the warden at FCI Taft in April 2020, however, FCI Taft has since closed and Flores is no longer incarcerated there. A request based on different underlying facts cannot constitute exhaustion with respect to Defendant's current motion. *See United States v. Mogavero*, 2020 WL 1853754, at *2 (D. Nev. 2020) ("Proper exhaustion necessarily requires the inmate to present the same factual basis for the compassionate-release request to the warden.).

      Defendant argues that a court may relax the exhaustion requirement due to the urgency of the covid-19 pandemic. It is correct that some courts have come to this conclusion. However, this Court disagrees. The Bureau of Prisons is already undergoing a program to unilaterally identify prisoners who are at greatest risk of harm. Courts are not experts at running prisons. A warden must retain the opportunity to manage the facility and the inmates placed therein. "Running a prison is an inordinately difficult undertaking that requires expertise, planning, and the commitment of resources, all of which are peculiarly within the province of the legislative and executive branches of government. Prison administration is, moreover, a task that has been committed to the responsibility of those branches, and separation of powers concerns counsel a policy of judicial restraint." *Turner v. Safley*, 482 U.S. 78, 84–85 (1987) (citations omitted). Therefore, Defendant's Motion for a Reduction in Sentence [Dkt. No. 115] is denied. He may refile the motion after properly exhausting administrative remedies at his current place of incarceration.

      Defendant also moves for a reduction in sentence under 18 U.S.C. § 3582(c), arguing that amendment 782 to the Sentencing Guidelines warrants a modification of his sentence. [Dkt. Nos. 107 and 113]. Section 3582(c)(2) establishes a two-step inquiry for sentence reduction proceedings. At the first step, the court decides eligibility for sentence reduction by determining whether the reduction is consistent with applicable

policy statements issued by the Sentencing Commission. *United States v. Hernandez-Martinez*, 933 F.3d 1126, 1130 (9th Cir. 2019), *cert. denied,* 140 S. Ct. 879, 205 L. Ed. 2d 491 (2020); *see also Dillon v. United States*, 560 U.S. 817, 826 (2010). "The policy statement applicable to § 3582(c)(2), United States Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.10, authorizes a sentence reduction if, but only if, the retroactive amendment has the " 'effect of lowering the defendant's applicable Guidelines range.' " *Id.* (citing U.S.S.G. §1B1.10(a)(2)(B)). To apply this policy statement, a court determines whether the Guidelines range is lowered by calculating the amended Guidelines range that would have been applicable to the defendant if the relevant Guidelines had been in effect at the time the defendant was sentenced. *Id*. But that determination is not the end of the eligibility inquiry. "Another provision of the policy statement—the one of principal relevance here—generally prohibits sentence reduction if the original term of imprisonment is below the lower end of the amended Guidelines range." *Id.* (citing § 1B1.10(b)(2)(A)).

Defendant does not qualify for a sentence modification under amendment 782. His Guideline range of 292 to 365 months was calculated on a base offense level of 38 for importation of 9.63 kilograms of methamphetamine (actual). The amended Guidelines did not change the base offense level for this quantity of methamphetamine. Moreover, Defendant was sentenced far below (and more than two levels below) the low-end of the Guideline range as calculated. A two-level reduction in the base offense level would have made no difference. Therefore, Defendant's Motion for Reduction in Sentence is denied.

IT IS SO ORDERED.

DATED: May 18, 2020

HON. ROGER T. BENITEZ
United States District Court Judge

3